IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CR. NO. 2:14cm2820-SRW |
| | ) |
| MARILYN C. KENNEDY WADE | ) |

**ORDER**

This case is before the court on movant Marilyn C. Kennedy Wade's motion for funds for private investigator (Doc. # 6). Wade asks the court to authorize "expenditure of up to $1,400.00, plus reasonable necessary expenses not to exceed $250.00, for defense investigative services." Her motion requests such services because she "is a target of investigation regarding possible criminal offenses relating to various federal criminal violations in this District," she is indigent, counsel for the movant "has no specific training or experience in the field of criminal investigation," and "the Government has relied on the services of numerous trained criminal investigators to construct a case against the [movant]." Id. at 1. Wade contends that "[w]ithout independent investigative assistance, the [movant] has no realistic way to meet or counteract the Prosecution's advantage in this area." Id. Wade cites no authority in support of her motion.

By statute, the court may authorize payment of certain indigent criminal defense costs at public expense. The law provides that "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte

proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services." 18 U.S.C. § 3006A(e)(1).

In the instant case, Wade has not been indicted for any offense; the court previously appointed counsel to represent her only because she is the target of an investigation for an undisclosed federal offense. It is conceivable that Wade might be eligible for funds under 18 U.S.C. §3006(A)(e)(1) even though she has not been indicted, because that section authorizes payment for certain services upon application by counsel for a *person* who is financially unable to obtain them, and is not by its terms limited to a defendant in a criminal case. However, the court has found no case law supporting this position, and Wade has cited none. Courts which have discussed the purpose of the statute have generally described it as designed to assist *defendants* facing trial. See, e.g., United States v. Parker, 439 F.3d 81, 92 (2d Cir. 2006) ("Normally, the 'primary focus' of the CJA is on 'providing adequate counsel for trials on substantive offenses.'... 'The purpose of the Act, as stated in its preamble, is "[t]o promote the cause of criminal justice by providing for the representation of *defendants* who are financially unable to obtain an adequate defense in criminal cases in the courts of the United States."'") (citations omitted and emphasis added); United States v. Maret, 433 F.2d 1064, 1068-1069 (8th Cir. 1970) ("18 U.S.C. § 3006A(e) is designed to give an indigent *defendant* at government expense the benefit of investigation and expert and other services

2

necessary for an adequate defense.") (emphasis added).

The court need not reach the question of whether or not services under 18 U.S.C. § 3006A(e)(1) may ever be authorized pre-indictment for a person under investigation who is financially unable to obtain them, as Wade fails to meet the necessity requirement of the statute. While Wade may prefer to have the early assistance of an investigator, she has not made a specific and detailed showing that such services are necessary to an adequate defense at this stage of the proceedings. See United States v. Solon, 596 F.3d 1206, 1209-1210 (10th Cir. 2010) (To obtain services under 18 U.S.C. § 3006A(e)(1), defendant must do more than allege that the services would be helpful, but must instead convince the court that the expert's services are necessary to an adequate defense.); United States v. Gonzales, 150 F.3d 1246, 1252 n. 4 (10th Cir. 1998) ("We have repeatedly emphasized that defendants must provide the district court with explicit detail showing why the requested services are 'necessary' to an adequate defense and what the defendant expected to find by using the services."); United States v. Aragon, 1998 WL 166059, 6 (10th Cir. 1998) (The burden is on the defendant to show with particularity that the requested services are necessary to present an adequate defense; undeveloped assertions that the requested assistance would be beneficial to the defense are not sufficient to satisfy this burden.).

Further, the court cannot conclude that the services Wade requests are necessary for adequate representation – as opposed to merely helpful or desirable – precisely because Wade's case *is* pre-indictment. Nothing before the court confirms to any degree of certainty

that Wade will in fact ever be indicted or face criminal charges. Services cannot be necessary for adequate representation if representation itself is unnecessary. The court declines to speculate as to whether the United States will ever move forward to seek indictment in this case. If and when Wade is, in fact, indicted, she will still have ample opportunity to demonstrate the necessity of any requested services at that time, with considerably more concrete information before the court as to the details of the government's specific charges and Wade's defenses.

Accordingly, and for good cause, Wade's motion for funds for a private investigator (Doc. #6) is hereby DENIED.

DONE, this 28th day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE